Major General Richard SECORD, Plaintiff,

v.

Douglas SCHLACHTER, Defendant.

Civ. A. No. 82–3168.

United States District Court, District of Columbia.

April 13, 1983.

---

Thomas C. Green, Washington, D.C., for plaintiff.

## MEMORANDUM OPINION

### JUNE L. GREEN, District Judge.

This action for defamation, libel and slander was brought by a United States Air Force major general, a citizen of Florida. It is before the Court for determination of damages following the entry of a default judgment against the sole defendant, Douglas Schlachter, whom plaintiff believes to be a citizen of either Texas, West Virginia, or Virginia. Jurisdiction exists under the diversity of citizenship statute, 28 U.S.C. § 1332. After hearing *ex parte* testimony on April 8, 1983 from Major General Richard Secord, the plaintiff; Francis J. West; and Lt. General James Henry Ahmann, the Court awarded plaintiff compensatory damages of one million dollars and punitive damages of one million dollars for the reasons set forth below.

Major General Richard Secord, a two star general, has served as Deputy Assistant Secretary of Defense for the Near East, Africa and South Asia since April 1981. This job involves setting defense policy towards Saudi Arabia, Iran, Israel, Egypt, Lebanon, and 29 other countries, making it one of the most sensitive posts in the Pentagon. Major General Secord is the first non-civilian to serve in this position.

For three years before that appointment, plaintiff supervised the military sales program for the Air Force, with responsibility for 125 employees and more than $60 billion in sales of military equipment. From September 1975 until July 1978, Secord, then a colonel, headed the Air Force Military Advisory Group in Iran.

This lawsuit was brought against Douglas Schlachter for remarks he made to a CBS television news reporter in late 1981. At the time, Schlachter had been indicted in connection with the criminal investigations of former CIA employees Frank Terpil and Edwin Wilson for selling arms to Libya.

Schlachter was then hiding from United States authorities in central Africa and had been threatened by Wilson, then in Libya.

Schlachter told the CBS reporter that Major General Secord had helped Edwin Wilson buy Russian military equipment in Libya. Schlachter stated further that Secord had helped Wilson sell military equipment to Iran, including an intelligence ship, and that Secord shared in the profits of those sales with Wilson. These allegations were known by Schlachter at the time he made them to have been completely false.

CBS aired Schlachter's allegations on its nationwide evening news programs for November 6 and 9, 1981. Because the allegations were serious and challenged the integrity of a senior military officer who was serving in an extremely sensitive position, the Department of Justice initiated an investigation. In January 1982, Major General Secord was offered a promotion to three star general, but the Department of Defense retracted that offer, suspended plaintiff, and placed him on indefinite leave in February due to the investigation. On May 20, 1982, the Department of Defense determined that Schlachter's allegations were without merit and reinstated Major General Secord to his previous position.

Although Major General Secord's record has been cleared by reinstatement, Schlachter's charges have prematurely curtailed plaintiff's military career and indelibly stained his reputation. Francis J. West, the Assistant Secretary of Defense for International Security Affairs until April 1, 1983, testified that Major General Secord was his first choice to fill a vacancy last October as director of the Defense Security Assistance Agency. However, Mr. West was informed that such a promotion would not be possible because of Schlachter's allegations.

In the highly competitive military services, allegations such as Schlachter's which challenge the integrity of a senior military officer adversely affect one's chances for obtaining high level positions, even though the charges are utterly false. For this reason, Major General Secord has decided to retire from the military at the end of this

month. He will be 51 years old in July. Because of Mr. Schlachter's false allegations, the country will lose prematurely the services of an extremely dedicated, able, and honest officer. Major General Secord's employability in the private sector will also be adversely affected by the false allegations. Plaintiff has suffered compensatory damages through loss of opportunity for promotion to three star general and resulting pay differences.

Schlachter's allegations, broadcast on prime time national television news programs, caused Major General Secord and his family great embarrassment and strain. Reporters called him constantly through the summer of 1982; the FBI investigated him; he and his family were questioned and ridiculed by strangers, acquaintances, and friends. Major General Secord's premature retirement, loss of opportunity for promotion, resulting pay differences; and the embarrassment, humiliation, anxiety, stress, and mental agony caused to Major General Secord and his family by defendant's statements entitle him to compensation in the amount of one million dollars. *See Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974); *Curtis Publishing Co. v. Butts,* 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967); *Waldbaum v. Fairchild Publications, Inc.,* 627 F.2d 1287 (D.C. Cir.), *cert. denied,* 449 U.S. 898, 101 S.Ct. 266, 66 L.Ed.2d 128 (1980); L. Eldredge, The Law of Defamation § 95 (1978).

Schlachter made the slanderous charges knowing they were false, with the evident intent to curry favor with United States authorities before returning to his country. He is currently a participant in the Federal Witness Program of the Department of Justice. Although an Assistant United States Attorney personally delivered the amended complaint and summons to Schlachter on December 2, 1982 and plaintiff mailed a copy of the motion for entry of default judgment to the chief of the Federal Witness Protection Program, Mr. Schlachter has failed to respond in this action. In these circumstances, the Court awards Major General Secord punitive damages in the sum of one million dollars. The damage

to plaintiff's reputation and curtailed military career cannot be erased by this action, but this award of punitive damages will vindicate Major General Secord and deter Mr. Schlachter or others similarly situated from issuing further deliberate lies about Major General Secord. *See Davis v. Schuchat,* 510 F.2d 731, 737 (D.C.Cir.1975); *Collins v. Brown,* 268 F.Supp. 198, 201 (D.D.C. 1967).